# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-0849
LT Case No. 2022-CA-000156-A

———————————————

CAM BRADFORD HOMES, LLC,

    Appellant,

    v.

WAYNE ARRANTS and BERKELY
ARRANTS,

    Appellees.

———————————————

On appeal from the Circuit Court for Nassau County.
Marianne Lloyd Aho, Judge.

Alexander B. Cvercko, of Cvercko & Associates, P.A.,
Jacksonville, for Appellant.

Harrison Wesley Poole, of Poole & Poole, P.A., Fernandina Beach,
for Appellees.

June 20, 2025

KILBANE, J.

    CAM Bradford Homes, LLC ("Appellant"), appeals a final judgment entered in favor of Wayne and Berkely Arrants ("Appellees"), in which the trial court found Appellant was an unlicensed contractor that could not enforce the parties' contract. Because Appellant was never qualified as a business organization

contractor by the Department of Business and Professional Regulation ("Department"), as required by section 489.119(2), Florida Statutes (2020), we affirm.[1]

## Facts

In December 2020, Appellees hired Appellant to build a single-family home on their property in Fernandina Beach, Florida. Cameron Bradford, Appellant's owner and a certified general contractor, obtained a building permit under his own name and supervised the project. Before construction was complete, however, Appellees terminated the contract. Appellant filed a complaint alleging claims for breach of contract, lien foreclosure, unjust enrichment, and tortious interference with an advantageous business relationship. Appellees filed an answer, affirmative defenses, and counterclaims.

Appellees moved for summary judgment primarily based on the assertion that the parties' contract was unenforceable by Appellant because it, a limited liability company, was an unlicensed contractor. In response, Appellant claimed it was licensed because its owner, Bradford, is a licensed contractor who *performed* as its qualifying agent, despite admittedly failing to apply for registration or certification on behalf of the business, as required by section 489.119(2), Florida Statutes. Alternatively, Appellant argued it should still recover under the contract for work that did not require a license. After a hearing, the trial court granted Appellees' motion for summary judgment as to Appellant's claims, finding Appellant never had a qualified agent as required

---

[1] Appellant also asserted the trial court erred in granting summary judgment on its tortious interference claim because that claim does not require an enforceable contract. *See St. Johns River Water Mgmt. Dist. v. Fernberg Geological Servs., Inc.*, 784 So. 2d 500, 504 (Fla. 5th DCA 2001). However, this issue was unpreserved and thus waived. *See Royal Caribbean Cruises Ltd. v. Ooi*, 386 So. 3d 218, 224 (Fla. 3d DCA 2023) ("[G]enerally, the failure to properly raise and preserve a claim in the trial court waives the issue on appeal." (citing *Venezia v. Wells Fargo Bank*, N.A., 306 So. 3d 1096, 1098 (Fla. 3d DCA 2020))).

by section 489.119(2) and it was therefore an unlicensed contractor at all times relative to the complaint. The court entered final judgment for Appellees as to Appellant's complaint, and Appellant timely appealed.

## Analysis

An order granting summary judgment is reviewed de novo. *Palm Beach Resurfacing, Inc. v. Floyd*, 401 So. 3d 359, 361 (Fla. 4th DCA 2025). Issues involving statutory interpretation are also reviewed de novo. *Id.* "Summary judgment is proper when the movant shows (1) the absence of a genuine dispute as to any material fact and (2) entitlement to judgment as a matter of law." *Holding Ins. Cos. Acc., LLC v. Am. Integrity Ins. Co. of Fla.*, 399 So. 3d 1232, 1234 (Fla. 5th DCA 2025) (citing Fla. R. Civ. P. 1.510(a)).

"Proper statutory analysis begins with the plain language of the statute, which is to be considered in context and not construed in a way that renders any portion of the statute meaningless." *See Taylor Morrison Servs., Inc. v. Ecos*, 163 So. 3d 1286, 1289 (Fla. 1st DCA 2015) (internal citations omitted). "The doctrine of *in pari materia* is a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature's intent." *Id.* at 1291 n.4 (quoting *Dep't of State v. Martin*, 916 So. 2d 763, 768 (Fla. 2005)).

In Florida, all contractors must be certified or registered with the Department. § 489.115(1), Fla. Stat. (2020). When any business organization other than a sole proprietorship intends to engage in construction contracting, "the applicant *must* apply for registration or certification as the qualifying agent of the business organization." *Id.* § 489.119(2) (emphasis added).[2] To qualify a business organization contractor for the first time, the agent must apply to the Construction Industry Licensing Board ("Board") and submit certain documents and a fee. *See id.* §§ 489.105(1), (19),

---

[2] The statutory exception to this requirement was not raised by Appellant and is inapplicable here. *See id.* § 489.119(7)(a).

.115(5)(a)–(b), .119(2), (6). If the Board determines the business is qualified, the Department will issue the business organization a certificate or registration. *See id.* §§ 489.115(2)(a), .119(6).

Under Florida law, only a licensed contractor can enforce its contracts. *See id.* § 489.128(1) ("As a matter of public policy, contracts entered into . . . by an unlicensed contractor shall be unenforceable in law or in equity by the unlicensed contractor."). To be considered licensed, a business organization contractor must have a qualifying agent that is itself licensed to perform the work contemplated in the contract. *See id.* § 489.128(1)(a) ("A business organization is unlicensed if the business organization does not have a primary or secondary qualifying agent in accordance with this part concerning the scope of the work to be performed under the contract."); *see also id.* § 489.119(3)(a) ("A qualifying agent must be certified or registered under this part in order for the business organization to operate in the category of contracting in which the qualifying agent is certified or registered.").[3] Thus, whether a business organization is a licensed contractor within the meaning of section 489.128 "turns on whether the business organization is [legally] associated with a person licensed for the type of work to be performed under the contract as of the effective date of the contract." *Ecos*, 163 So. 3d at 1291.

On appeal, Appellant asserts this case raises an issue of first impression because Bradford—the business's owner and manager—is himself a licensed general contractor who "technically" failed to apply with the Department on behalf of the business organization but otherwise performed the duties of a qualifying agent. In essence, Appellant argues a business organization contractor only needs to have a licensed individual perform the obligations of a qualifying agent to raise a material

---

[3] The statutory scheme distinguishes between a primary and secondary qualifying agent based on the extent of the agent's responsibilities on behalf of the business organization. *See id.* § 489.105(4)–(5). Notably, "[a] qualifying agent *is* a primary qualifying agent unless he or she is a secondary qualifying agent under this section." *Id.* § 489.1195(1) (emphasis added).

4

issue of fact as to whether the organization "has" a qualifying agent.[4]

This argument is unpersuasive. If the Legislature had intended the requirements to have been met by an "acting" qualified agent, it would not have explicitly provided that *only* a sole proprietorship may rely on the license of an individual without applying with the Department. *Compare* § 489.119(1), Fla. Stat. ("If an individual proposes to engage in contracting in . . . a fictitious name where the individual is doing business as a sole proprietorship, registration or certification *may* be issued only to that individual." (emphasis added)), *with id.* § 489.119(2) ("If the applicant proposes to engage in contracting as a business organization . . . or in any name *other than the applicant's legal name or a fictitious name where the applicant is doing business as a sole proprietorship*, the applicant *must* apply for registration or certification as the qualifying agent of the business organization." (emphasis added)); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 112 (2012) ("Mandatory words impose a duty; permissive words grant discretion."). Moreover, accepting the assertion that Bradford was Appellant's qualifying agent despite his failure to apply would render meaningless the statutory provisions prohibiting business organizations from engaging in contracting without being certified or registered, *id.* § 489.127(1)(f), as well as those prohibiting a certified or registered contractor from allowing an unqualified business organization to use their individual certification or registration number to engage in contracting, *id.* § 489.127(4). We cannot interpret statutes in such a way. *See Tsuji v. Fleet*, 366 So.

---

[4] For this claim, Appellant relies on *Lake Eola Builders, LLC v. Metropolitan at Lake Eola*, 416 F. Supp. 2d 1316 (M.D. Fla. 2006), and *Baker County Medical Services, Inc. v. Summit Smith LLC*, No. 3:05-CV-541-J-33HTS, 2007 WL 1229702 (M.D. Fla. Apr. 25, 2007), both of which relied on statutory language that has since been significantly amended. *See* Leonard W. Klingen, *Licensing of Florida Contractors*, Fla. B.J., February 2018, at 8, 15 ("*Lake Eola Builders . . .* was bad law when written and is, after Ch. 489's 2009 amendments, even worse law."). Thus, these cases are neither binding nor persuasive.

5

3d 1020, 1029 (Fla. 2023) (noting surplusage canon is "an elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible" (quoting *Hechtman v. Nations Title Ins. of New York*, 840 So. 2d 993, 996 (Fla. 2003))); *see also* Scalia & Garner, *supra*, at 174 (defining surplusage canon) ("If possible, every word and every provision is to be given effect (*verba cum effectus sunt accipienda*). None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence."); *Scherer v. Volusia Cnty. Dept of Corr.*, 171 So. 3d 135, 139 (Fla. 1st DCA 2015) ("No part of a statute, not even a single word, should be ignored, read out of the text, or rendered meaningless, in construing the provision.").

The material facts are not in dispute. The contract was entered into by Appellant while Bradford was a certified general contractor who could have served as Appellant's qualifying agent. *See id.* § 489.119(3)(a). Bradford performed tasks that would generally be done by a qualifying agent, including supervising the construction of the residence on Appellees' property. All the same, Bradford admitted in his deposition that he never filed an application to qualify Appellant with the Department.

Viewing the statutory provisions together, Bradford could not become Appellant's qualifying agent until he applied with the Board and was issued a certificate or registration by the Department. *See id.* § 489.105(19) ("'Initial issuance' means the first time a certificate or registration is granted to a[] . . . business organization, including the first time *an individual becomes a qualifying agent for that business organization* and *the first time a business organization is qualified by that individual*." (emphasis added)). As Bradford never applied, the business never had a qualifying agent and was never licensed by the Department. As an unlicensed contractor, Appellant could not enforce the contract, and the trial court did not err in granting summary judgment. *See id.* § 489.128(1); *see also id.* § 489.128(2) ("[I]f a contract is rendered unenforceable under this section, no lien or bond claim shall exist in favor of the unlicensed contractor *for any labor, services, or materials provided under the contract* or any amendment thereto." (emphasis added)).

6

## Conclusion

Because it was undisputed that a qualifying agent never applied with the Department on behalf of Appellant, the business was unlicensed when it executed the contract with Appellees, and the trial court did not err in finding it could not enforce the contract. Accordingly, we affirm the final judgment.

AFFIRMED.

HARRIS and BOATWRIGHT, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____